1

2

3

4

5

6                            UNITED STATES DISTRICT COURT
                            WESTERN DISTRICT OF WASHINGTON
7                                      AT SEATTLE

8    ROBERT JOSEPH LUMPKIN,

9                          Plaintiff,            Case No. C18-330-RSM-JPD

10        v.

11   DEPUTY SALT, *et al*.,                      ORDER GRANTING DEFENDANTS'
                                                 MOTION FOR PROTECTIVE ORDER
                                                 AND MOTION TO SEAL
12                         Defendants.

13

14          This is a civil rights action brought under 42 U.S.C. § 1983.  This matter comes before

15   the Court at the present time on defendants' motion for protective order and motion to seal.

16   (Dkt. 23.)  At issue in defendants' motions is video surveillance footage from the Snohomish

17   County Jail ("the Jail") which plaintiff requested in discovery.  (*See id*.)

18          Plaintiff alleges in this action that defendants violated his constitutional rights when, on

19   January 11, 2018, they removed his clothing in a public area of the Jail during the booking

20   process.  (*See* Dkt. 7 at 3.)  Plaintiff asked in his initial discovery requests that defendants

21   produce video surveillance of the January 11, 2018 incident.  (*See* Dkt. 24, Ex. D.)  Defendants

22   objected to that request for Jail security reasons.  (*See id*., Ex. E.)

23   ORDER GRANTING DEFENDANTS'
     MOTION FOR PROTECTIVE ORDER - 1

When plaintiff did not respond to defendants' objection to providing a copy of the Jail surveillance video, counsel for defendants contacted plaintiff's counselor at the Clallam Bay Corrections Center ("CBCC") to set up a time to confer with plaintiff regarding the video. (Dkt. 24, ¶ 7.) On June 21, 2018, defendants' counsel spoke with plaintiff about the video, proposing a procedure that would allow plaintiff to view the video without possessing a copy of it. (*Id.*, ¶ 8.) Specifically, counsel proposed that her office send a copy of the video to the CBCC law librarian, that plaintiff have one day to view the video, and that the video then be returned to counsel's office. (*Id.*) Plaintiff equivocated about whether he was amenable to this procedure, but ultimately indicated he would agree to the procedure though he wanted a week to view the video rather than a single day. (*Id.*) Counsel advised plaintiff that she would not agree to the extended time to view the video, but would convey plaintiff's position to the Court. (*Id.*)

Defendants now seek a protective order regarding the video so that they may provide the video to plaintiff using the procedure proposed by defendants' counsel, and so that they may file it under seal in support of any dispositive motions. Pursuant to Fed. R. Civ. Pro. 26(c)(1), a court may, for good cause, issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Defendants argue in their motion for protective order that such an order is necessary in this case because allowing plaintiff to possess a copy of the surveillance video raises serious security concerns. (Dkt. 23 at 3.) The primary concern identified by defendants is the potential for the video to be shared with other offenders or the public in general.[1] (*Id.*)

---

[1] Defendants also assert that providing plaintiff with a copy of the video raises a security concern because the disc on which the video would be produced could easily be converted to a weapon. (Dkt. 23 at 3.) While this is no doubt true, it appears that the DOC has procedures in place to address such concerns. (*See* Dkt. 24, ¶ 8.) This

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 2

Defendants explain that the Snohomish County Jail's video surveillance system is one of its most important tools for maintaining the safety, security, and orderly operations of the facility.  (*See* Dkt. 25, ¶ 6.)  Defendants further explain that while there are several hundred cameras located throughout the facility which can be monitored by staff and which record events on network video recorders, not all cameras are actively monitored, not all cameras record all of the time, and not all fields of view are the same amongst all the cameras in the facility.  (*See id*. at, ¶¶ 6, 8.)

Defendants maintain that providing inmates access to recordings of jail surveillance videos would give them specific intelligence information regarding the surveillance and recording capabilities and weaknesses of cameras at locations depicted in the video at issue.  (Dkt. 23 at 4; Dkt. 25, ¶ 10.)  In addition, defendants assert that there is the potential that inmates would be able to determine from the video staff response times, locations from which staff are responding, the length of time it takes to open doors into an area, staffing patterns, specific defense tactics or techniques, and weaknesses and abilities of individual staff members, all of which would undermine the efficacy of the surveillance system.  (*See id*.)

Defendants have detailed legitimate security concerns relating to the potential for distribution of the requested video footage.[2]  Defendants have also proposed a viable alternative to providing plaintiff with a copy of the video which would permit him to view, but not retain, the video footage.  The Court concurs that defendants' proposal provides plaintiff adequate

---

particular security concern is not defendants' to advance given that plaintiff is not now in Snohomish County custody.

   [2]  Plaintiff has not opposed defendants' motion for a protective order, though he did complain in a recently filed motion for sanctions that defendants had yet to produce the surveillance video.  (*See* Dkt. 28.)

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 3

access to the video for purposes of litigating this case, while also mitigating security concerns surrounding disclosure of the video. Accordingly, the Court hereby ORDERS as follows:

(1) Defendants' motion for protective order and motion to seal (Dkt. 23) is GRANTED. Defendants shall make a copy of the video surveillance footage of the January 11, 2018 incident at issue in this action available to plaintiff as follows:

(a) A copy of the video will be sent to the law librarian at the CBCC;

(b) Plaintiff will view the video in a room designated by the Washington State Department of Corrections (DOC) and the CBCC, such as the law library, and in accordance with applicable policies of the DOC and the facility;

(c) Plaintiff will view the contents of the video, but not retain or possess a copy. Plaintiff will have one (1) day to review the video, which is about fifteen (15) minutes in length. Defendants shall coordinate with CBCC staff to set a date for plaintiff to view the video, and to ensure that plaintiff has ample time on the designated date to view the video;

(d) Defendants shall submit a copy of the video to the Court by the dispositive motion filing deadline. The video will be filed with the Court under seal, and will be available to be used by either party in any dispositive motion, or in response to a dispositive motion.

//

//

//

//

ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 4

1　　　　(2)　　The Clerk is directed to send copies of this Order to plaintiff, to counsel for

2　defendants, and to the Honorable Ricardo S. Martinez.

3　　　　DATED this 22nd day of August, 2018.

4

5
_____
JAMES P. DONOHUE
6　United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23
ORDER GRANTING DEFENDANTS'
MOTION FOR PROTECTIVE ORDER - 5