UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JOSEPH LUMPKIN,

                Plaintiff,

v.

DEPUTY SALT, *et al.*,

                Defendants.

Case No. C18-330-RSM-JPD

ORDER GRANTING DEFENDANTS'
MOTION FOR SANCTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on defendants' motion for sanctions. Defendants seek the imposition of sanctions against plaintiff based on threatening statements plaintiff made to defendants' counsel during a telephone conference regarding discovery matters. (*See* Dkt. 19 at 1.) Defendants' counsel, Katherine Bosch, initiated the call in order to discuss video surveillance footage which plaintiff had requested in discovery. Present for the call were Ms. Bosch, her legal assistant Cynthia Ryden, plaintiff, and his prison counselor Helen Donatacci.[1] (Dkt. 20, ¶ 5; Dkt. 21, ¶ 3; Dkt. 22, ¶ 2.)

---

[1] The phones at both ends of the call were on speakerphone so the conversation could be heard by all four individuals present for the call. (*See* Dkt. 20, ¶ 5; Dkt. 21, ¶ 3; Dkt. 22, ¶ 2.)

ORDER GRANTING DEFENDANTS'
MOTION FOR SANCTIONS - 1

After discussing the discovery issue, and some other apparently unrelated issues, plaintiff asked Ms. Bosch "why Defendants were 'fighting' this case," and said something to the effect that "what happened to him when his jeans were cut off was not right." (*See* Dkt. 20, ¶ 6; Dkt. 22, ¶¶ 4, 5.) Counsel advised plaintiff that she was not going to debate the merits of the case with him, and that the purpose of the phone call was solely to discuss discovery. (*See id*.) At that point, plaintiff made the statements which form the basis of defendants' motion for sanctions.

According to Ms. Bosch, plaintiff said something along the lines of "You wouldn't want that to happen to your kids, for your kids to have their clothes cut off of them." (Dkt. 20; ¶ 6.) Ms. Donatacci, and Ms. Ryden, who also heard this exchange, recalled plaintiff's statement slightly differently. Ms. Donatacci recalls hearing plaintiff say "How would you like it if your kids got stabbed with a pair of scissors?" (Dkt. 21; ¶ 3.) And, Ms. Ryden recalls hearing plaintiff say "I hope that don't happen to you or your kids." (Dkt. 22, ¶ 5.)

Ms. Bosch warned plaintiff, who has a history of making threats to corrections deputies, that if his statement was meant as a threat it would not be tolerated. (*See* Dkt. 20, ¶ 8; Dkt. 21, ¶ 3; Dkt. 22, ¶ 5.) Ms. Donatacci asked plaintiff if he wanted to go to segregation. (*Id*.) Plaintiff then repeated the statement at which point Ms. Bosch terminated the call. (*See id*.) Ms. Donatacci wrote an initial serious infraction report regarding this incident and plaintiff was taken to segregation pending a hearing on the infraction. (Dkt. 21, ¶ 4 and Ex. A.)

A federal court "has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). A specific finding of bad faith must "precede any sanction under the court's inherent

ORDER GRANTING DEFENDANTS'
MOTION FOR SANCTIONS - 2

powers." *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). Defendants argue that plaintiff's statement to counsel was willful and was made with the intent to harass or intimidate counsel in an effort to dissuade her from pursuing defense of this lawsuit, and they ask the Court to make a specific finding to this effect. (Dkt. 19 at 5.) They further argue that the Court should assess sanctions in the form of an order relieving counsel from the obligation of having to meet and confer with plaintiff regarding discovery disputes or issues that may occur as this litigation proceeds, and granting permission to conduct all future discovery in writing.[2] (*Id.*) Plaintiff has filed no response to defendants' motion which the Court, in this instance, construes as an admission that the motion has merit. *See* LCR 7(b)(2).

Based on the foregoing, the Court hereby finds and ORDERS as follows:

(1) The unrefuted testimony of Ms. Bosch, Ms. Donatacci, and Ms. Ryden establishes that plaintiff's statement to Ms. Bosch was threatening in nature, that it was willful, and that it was made for the purpose of harassing or intimidating Ms. Bosch, and the Court specifically finds that plaintiff acted in bad faith in making that statement.

(2) The Court concurs with defendants that there are limited options available to the Court under the circumstances and that their proposed sanctions are reasonable. Accordingly, defendants' counsel is hereby relieved of the obligation to meet and confer with plaintiff regarding discovery disputes, or any other issues that may occur during this litigation, and counsel is granted permission to conduct all future discovery in writing. This sanction does not relieve either party of the obligation to attempt to resolve discovery disputes prior to seeking

---

[2] Defendants note that because plaintiff is indigent and proceeding *in forma pauperis* the imposition of monetary sanctions would likely be futile and unenforceable. (Dkt. 19 at 5-6.)

ORDER GRANTING DEFENDANTS'
MOTION FOR SANCTIONS - 3

Court intervention as required by Fed. R. Civ. P. 37(a)(1), it merely relieves them of the obligation to do so in person or via telephone conference.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this 22nd day of August, 2018.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER GRANTING DEFENDANTS'
MOTION FOR SANCTIONS - 4