UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT JOSEPH LUMPKIN,

          Plaintiff,

v.

DEPUTY SALT, *et al.*,

          Defendants.

Case No. C18-330-RSM-JPD

ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion for sanctions. Defendants have filed a response opposing plaintiff's motion. The Court, having reviewed plaintiff's motion, defendants' response thereto, and the balance of the record, hereby finds and ORDERS as follows:

    (1)    Plaintiff's motion for sanctions (Dkt. 28) is DENIED. Plaintiff, by way of the instant motion, seeks sanctions against defendants for their alleged failure to respond to his discovery requests. In particular, plaintiff asserts that defendants failed to produce the video surveillance footage of the incident at issue in this case, and that defendants failed to respond to his interrogatories and his requests for admission. Plaintiff asks that defendants be directed to

ORDER DENYING PLAINTIFF'S
MOTION FOR SANCTIONS - 1

produce the requested discovery. He also requests sanctions for the alleged discovery violations, though he fails to specify what type of sanctions he believes would be appropriate in this instance. Defendants oppose plaintiff's motion on the grounds that at the time the motion was filed they had either already served plaintiff with appropriate responses, such responses were not yet due, or the material sought was the subject of a motion pending before the Court.

Pursuant to the Federal Rules of Civil Procedure, a party responding to interrogatories, requests for production, or requests for admission, must respond within thirty days after being served with the discovery request. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A) and 36(a)(3). The record makes clear that defendants responded to plaintiff's interrogatories and requests for admission within the time mandated by the rules. Specifically, the evidence in the record demonstrates that defendants received plaintiff's interrogatories on July 9, 2018, and that they mailed their responses to plaintiff on August 7, 2018. (*See* Dkt. 32, ¶¶ 2, 3 and Exs. A, B.) The evidence also demonstrates that defendants received plaintiff's requests for admission on July 16, 2018, and that they mailed their responses to plaintiff on August 14, 2018. (*See* Dkt. 32, ¶ 8 and Exs. H, I.)

Production of the surveillance video was somewhat more complicated. Plaintiff requested production of the surveillance video in his requests for production which were received by defendants on May 23, 2018. (*Id.*, ¶ 4 and Ex. C.) Defendants objected to this request in their initial responses to plaintiff's requests for production which were mailed to plaintiff on June 8, 2018. (*See id.*, ¶ 5 and Ex. D.) Defendants' counsel subsequently called plaintiff to confer with him regarding the video (*see* Dkt. 24, ¶¶ 7, 8), and thereafter filed a motion for protective order. (Dkt. 23.)

ORDER DENYING PLAINTIFF'S
MOTION FOR SANCTIONS - 2

After the Court granted defendants' motion and entered the protective order on August 22, 2018, defendants' counsel contacted the law librarian at the Clallam Bay Corrections Center (CBCC) to coordinate a date for plaintiff to view the video. (*See* Dkt. 29; Dkt. 32, ¶ 6.) Counsel received a return call from the law librarian on August 27, 2018, and a copy of the video was mailed to CBCC the same day. (Dkt. 32, ¶ 6.) Unfortunately, because of some technical issues, there was a delay in plaintiff being able to watch the video. (*See* Dkts. 33, 34, 36, 37, 38.) However, defendants' counsel worked diligently with CBCC staff to resolve the technical issues, and it appears that plaintiff has since had an opportunity to review the video. (*See id.*) As the record makes clear that defendants fully complied with their discovery obligations and did so in a timely fashion, to the extent it was within their power to do so, plaintiff's motion for sanctions is denied.

(2) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Ricardo S. Martinez.

DATED this 24th day of October, 2018.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S
MOTION FOR SANCTIONS - 3