UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT JOSEPH LUMPKIN,<br><br>Plaintiff,<br><br>v.<br><br>DEPUTY SALT, et al.,<br><br>Defendants. | CASE NO. C18-330RSM<br><br>ORDER ON REPORT AND RECOMMENDATION AND PLAINTIFF'S REQUEST TO AMEND THE COMPLAINT |

## I. INTRODUCTION

This matter is before the Court on former United States Magistrate Judge James P. Donohue's Report and Recommendation ("R&R"). Dkt. #53. Judge Donohue's R&R recommends that Defendant's Motion for Summary Judgment (Dkt. #39) should be granted and Plaintiff's action dismissed. Dkt. #53. Plaintiff objects to the R&R and alternatively seeks leave to amend his Complaint to assert new claims. Dkts. #57 and #58. Finding the R&R well-reasoned and supported by the record, the Court adopts the R&R, grants Defendants' Motion for Summary Judgment, denies Plaintiff's untimely motion to amend, and dismisses the action.

## II. FACTS

Plaintiff, a pro se state prisoner, brought this civil rights action under 42 U.S.C. § 1983 related to his booking into Snohomish County Jail. Dkt. #7. Plaintiff alleged that during booking

ORDER – 1

Defendants "cut[] all of [his] clothing off [his] back in the middle of the booking day room so all inmates all women staff [could] see [him] without clothing." *Id.* at 3. Plaintiff acknowledges that Defendants' actions were in furtherance of searching him but asserts that the search was unreasonable and violated his privacy and was conducted with deliberate indifference to sexually harass and humiliate him in violation of the Fourth and Eighth Amendments. *Id.*

Defendants sought summary judgment on a more factually developed record. Dkts. #39–#45. After construing the factual record in Plaintiff's favor and viewing uncontroverted visual evidence of part of the events, Judge Donohue found that Plaintiff's allegations were misleading. In actuality, and prior to Plaintiff arriving, jail staff had been informed that Plaintiff may be combative and determined that a strip search was necessary because Plaintiff may be under the influence of narcotics and had previously attempted to bring narcotics into the jail. Dkt. #53 at 2–3.[1] Plaintiff was cooperative while removing much of his clothing. *Id.* at 3. However, while removing his socks Plaintiff attempted to grab something from his sock that officers believed may be narcotics and a struggle ensued ultimately resulting in Plaintiff being restrained with handcuffs and ankle restraints on the ground. *Id.* at 4. Unsure of whether Plaintiff possessed other contraband and unable to remove Plaintiff's clothing because of the restraints, Defendants removed Plaintiff's pants by cutting them off him, leaving him in boxers and a tank top. *Id.* Plaintiff was then removed to a privacy cell where his remaining clothing was removed, and a modified strip search was conducted. *Id.* at 4–5.

---

[1] The Court cites to the facts as laid out in the R&R. Where citing to the R&R the Court also adopts the underlying sources that supported Judge Donohue's factual findings.

ORDER – 2

### III. DISCUSSION

**A. Report and Recommendation and Plaintiff's Objections**

Judge Donohue begins by noting that, as laid out in Plaintiff's Complaint, Plaintiff's claims arose only from the fact that his outer clothing was removed in the booking day room instead of in a privacy cell and did not relate to Defendants' restraint of Plaintiff or the strip search itself. *Id.* at 5. Judge Donohue then completely and accurately applies the factual record to the law, explaining why Plaintiff's claims under the Fourth and Eighth Amendments all failed as a matter of law. *Id.* at 8–12. The Court agrees with the legal analysis of the R&R.

Plaintiff has nevertheless objected to the R&R. Dkt. #57. Plaintiff does not, however, make specific objections to the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (noting that de novo review is only required for "those portions of the [] report or specified proposed findings or recommendations to which objection is made"). Rather Plaintiff recounts the facts in a manner consistent with the facts laid out by Judge Donohue and without pointing to any evidence that would alter the factual record. Dkt. #57 at 1. This portion of Plaintiff's objections does not reveal any error. Plaintiff then cites several cases, making overly conclusory attempts to draw connections between those cases and his own. *Id.* at 1–2. Only one of those cases, *Ball v. Wolfish* is binding on this Court. 441 U.S. 520 (1979). Plaintiff is correct that the case supports the argument that even justified searches must be conducted in a reasonable manner. But as detailed by Judge Donohue and in the context of the factual record, Plaintiff has not presented evidence sufficient for the Court to conclude that any search was not reasonable. The other cases cited are not binding within the Ninth Circuit and do nothing to demonstrate any legal error in Judge Donohue's analysis. Accordingly, the Court adopts the R&R.

## B. Strike Pursuant to 28 U.S.C. § 1915(g)

Defendants, in their motion for summary judgment requested that the Court find that this action was frivolous and assess Plaintiff a "strike" for the purposes of 28 U.S.C. § 1915(g). Judge Donohue agrees that Plaintiff's Complaint was frivolous under Ninth Circuit precedent as it lacked a basis in fact. Dkt. #53 at 12. Judge Donohue therefore recommended that the Court assess a strike, a recommendation that Plaintiff does not contest in his objections. The Court accordingly finds that a strike should be assessed under 28 U.S.C. § 1915(e)(2)(B)(i).

## C. Motion to Amend

Perhaps sensing that the legal claims asserted in his Complaint were unlikely to proceed, Plaintiff's response to Defendants' Motion for Summary Judgment asserted, for the first time, a claim of excessive force and a claim that removal of his outer clothing in the booking day room constituted a violation of his due process rights. Dkt. #47 at 3–4; Dkt. #53 at 5 n.2. Plaintiff once again attempted to raise the issue in his objections to the R&R and filed a contemporaneous motion to amend. Dkts. #57 and #58. Plaintiff seeks to amend his Complaint to assert excessive force and due process claims. Dkt. #58.

The Court does not find it appropriate to grant Plaintiff's motion to amend at this late stage. This matter has been pending since March 5, 2018. Dkt. #1. Discovery was completed by September 5, 2018, and dispositive motions were filed by October 5, 2018. Dkt. #18. Plaintiff offers no explanation for this untimely request to amend and even waited until after Judge Donohue considered Defendants' Motion for Summary Judgement. Plaintiff may not wait to see whether his claims will proceed and seek to assert new claims only after his prior claims fail. Defendants would clearly be prejudiced by having to defend new claims with no opportunity for discovery, especially where Plaintiff has unreasonably delayed in pursuing those claims.

ORDER – 4

*Giddings v. Vision House Production, Inc.*, 584 F. Supp. 2d 1222 (D. Ariz. 2008) ("Where a plaintiff sets forth one theory in the complaint and does not move to amend until summary judgment proceedings, it is barred from proceeding on a new theory.") (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000)).

## IV. CONCLUSION

Having reviewed the R&R and Plaintiff's motion to amend, objections and responsive briefing, and the remainder of the record, the Court finds and ORDERS:

1. The Report and Recommendation (Dkt. #53) is ADOPTED.
2. Defendants' Motion for Summary Judgment (Dkt. #39) is GRANTED.
3. Plaintiff's Request to Leave Amendment Complaint [sic] (Dkt. #58) is DENIED.
4. This matter is DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and shall count as a "strike" for the purposes of 28 U.S.C. § 1915(g).
5. This case is CLOSED.

Dated this 8 day of April 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5